**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL RANDALL COOPER,

Petitioner-Appellant,

v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary;
ATTORNEY GENERAL STATE OF
NEW MEXICO,

Respondents-Appellees.

No. 99-2347
(District of New Mexico)
(D.C. No. CIV-98-1286-JP/RLP)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Paul Randall Cooper's request for a certificate of appealability ("COA"). Cooper seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that the obtaining of a COA is a necessary predicate to any appeal from the denial of a habeas corpus petition "in which the detention complained of arises out of process issued by a State court"). Because Cooper has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. *See id.* § 2253(c)(2). Accordingly, this court **denies** Cooper's request for a COA and **dismisses** this appeal.

Following a jury trial in 1994, Cooper was convicted in New Mexico state court on numerous charges, including murder, armed robbery, and aggravated battery. The facts surrounding Cooper's arrest and conviction are set out in detail in the opinion of the New Mexico Supreme Court, *see State v. Cooper*, 949 P.2d 660, 662-65 (N.M. 1997), and will not be repeated here. Instead, we simply note that Cooper's arrest was preceded by an approximately two-hour-and-forty-five-minute standoff, during which Cooper barricaded himself in a motel room. During the standoff, police officers maintained a running dialog with Cooper in an effort to get him to leave the motel room without harming himself or others. During those conversations, Cooper made a number of incriminating statements. After officers successfully defused the situation, talked Cooper into surrendering,

and arrested him, Cooper sought to suppress all statement he made to police during the standoff, claiming the statements were (1) obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966) and (2) were not voluntarily given. Both the trial court and New Mexico Supreme Court rejected these arguments.

Having exhausted his state remedies, Cooper filed the instant § 2254 habeas corpus petition. In the § 2254 petition, Cooper reasserted the *Miranda* and voluntariness claims. The district court began its analysis of Cooper's petition by noting that because it was filed well after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, it was governed by the revised standards of review set forth in 28 U.S.C. § 2254(d). Under those revised standards, a federal court shall not grant habeas relief as to any claim that was adjudicated on the merits in state court unless the state-court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The district court went on to note that although the Tenth Circuit had not definitively interpreted § 2254(d)'s revised standards of review, Cooper's claims would fail under any possible interpretation of those standards.[1]

---

[1]On April 18, 2000, the Supreme Court issued an opinion in *Williams v. Taylor*, No. 98-8384, 2000 WL385369, at \*22-\*28 (U.S. April 18, 2000). In

In particular, the district court noted that in resolving Cooper's claims, the New Mexico Supreme Court had cited to and thoughtfully applied controlling Supreme Court authority and had supported its ultimate decisions by reference to opinions from federal and state appeals courts that reached the same outcome in analogous factual settings. Accordingly, the district court concluded that the decision of the New Mexico Supreme Court rejecting Cooper's *Miranda* and voluntariness claims was not contrary to or an unreasonable application of Supreme Court precedent,

---

*Williams*, the Court definitively interpreted the revised standards of review set out in § 2254(d), holding as follows:

> [Section] 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. . . . Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at \*28. The Supreme Court's newly issued opinion also rejects a key contention advanced by Cooper on appeal: the AEDPA did not alter the responsibility of federal habeas courts to conduct an independent, *de novo* review of a state court's application of established federal law to the facts of a given case. *See id.* at \*27 ("Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."). This court has considered the Supreme Court's decision in *Williams* in deciding whether Cooper is entitled to a COA.

*see* 28 U.S.C. § 2254(d), and that Cooper was not, therefore, entitled to habeas relief.

Cooper is entitled to a COA allowing him to appeal the district court's denial of habeas relief only upon making a substantial showing of the denial of a constitutional right. *See id.* § 2253(c)(2). Cooper can make such a showing by demonstrating that the issues he seeks to raise on appeal are fairly debatable among jurists of reason, subject to a different resolution on appeal, or deserving of further proceedings. *See Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Cooper has failed to make such a showing. This court has undertaken a detailed review of Cooper's request for a COA and appellate brief, the opinion of the New Mexico Supreme Court, the order of the district court adopting the recommendations of the magistrate judge, and the entire record on appeal. That review demonstrates, as correctly concluded by the district court, that the decision of the New Mexico Supreme Court rejecting Cooper's *Miranda* and voluntariness claims is neither contrary to nor an unreasonable application of United States Supreme Court precedent. Accordingly, this court **DENIES** Cooper's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge